[No. 6426.]

THE COLORADO MINES AND AERIAL TRAMWAY COMPANY
. v. THE J. H. MONTGOMERY MACHINERY COMPANY.

**Contracts—Defenses—Waiver—Estoppel**—One who borrows machinery and tools, agreeing to return the property by a day named, or pay the schedule value of each article, is liable according to his contract, if he fails to make returns the day named.—(133, 134)

A return of a small part of the goods, though accepted by the lender, is no waiver of his right to recover the schedule prices of the residue, nor an estoppel.—(133)

*Appeal from Denver District Court* — Hon. GEORGE W. ALLEN, Judge.

Messrs. WARD & WARD for appellant.

Mr. H. N. SALES for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court: .

On December 24, 1906, appellee (plaintiff below) brought suit against appellant (defendant below) to recover the schedule value of certain tools, and an electric hoist with full equipment, theretofore loaned by the former to the latter, without charge, on condition that the property should be returned on or before October 10, 1906, or in lieu of said return that its cash schedule value be paid plaintiff. The contract is in writing and is clear, plain and specific. That the values fixed for the several articles are fair and reasonable is not questioned. That no return was made or attempted within the time limit is admitted. Waiver by plaintiff of its right, to enforce the contract and recover the schedule price of the goods, and estoppel by conduct, because of its acceptance of a small part of the tools, which were returned early in November, were set up and relied upon by defendant in defense of the action. Trial

was to the court, with a general finding of the issues joined for the plaintiff, with judgment for the schedule price of the goods not returned.  To review that judgment defendant brings the case here on appeal.

Bearing in mind that all of the disputed fact questions were found in favor of the plaintiff and against the defendant, by the trial court, and further that the testimony amply supports such finding, it is clear that the defendant never performed, nor attempted, in good faith, to perform, its part of the contract.  It appears that on October 10, 1906, the date upon which this property should have been returned by the defendant to the plaintiff, none of it had been returned, but was still being used by the defendant.  On October 10th the plaintiff made a written request for the property in question, urging that it was needed at once for use on another contract.  The record discloses that thereafter repeated oral demands were made upon the defendant for the immediate return of this property, with notice that unless that were done, suit would be brought for its value, all of which proved ineffectual to accomplish the desired result.  No property whatever was returned until on the 7th of November, when about $50.00 worth thereof was discovered at the depot by a transfer company, which had a standing order to haul and deliver all goods for plaintiff from the railroad station, as they came in, and these were carried to plaintiff's place of business about that date.  Its failure to decline to receive these goods is relied upon to constitute waiver, on the part of plaintiff, of its rights under the contract, and also to estop it from legally claiming anything thereunder.  We are not able to perceive how this single fact can be held to be either a waiver by, or estoppel upon, the plaintiff, as to the goods not returned.  They were all separately scheduled and valued.  The contract was

in effect for the return of each article, or for the payment of its agreed price. The judgment of the court, entered upon its findings, is in conformity with the law as applied thereto. By agreement, the terms of which are direct, positive and unequivocal, the schedule value of the goods was settled upon, between the parties, in advance, as liquidated damages, should the defendant fail, as it did, to return them within the time limit. Such failure was equivalent to an election by the defendant tô pay the price agreed upon, rather than to return the property. Judgment was given accordingly, and it appearing, in all respects, to be just, proper and right, is affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE WHITE concur.